UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THEODORE C. BEAUFRAND,

    Plaintiff,

    v.           Case No. 25-cv-1236-bbc

WISCONSIN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

---

## SCREENING ORDER

---

  Plaintiff Theodore C. Beaufrand, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Beaufrand's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

  Beaufrand has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Beaufrand has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of **$57.95**. Beaufrand's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

On August 18, 2025, Beaufrand filed a civil rights complaint against the Wisconsin Department of Corrections, Warden Steven Johnson, Deputy Warden Julie Wetzel, and Institution Complaint Examiner (ICE) Schmidt. Dkt. No. 1. Beaufrand alleges that he has not seen direct sunlight since his incarceration at the Milwaukee Secure Detention Facility in February 2024; that the toilets at the institution do not have "courtesy curtains" and only flush at certain intervals; that there is no weekly Sunday worship services at the institution; that the institution is "overpopulated;" that there are no vocation training programs at the institution; that there is no outside air or exercise time; that there are no disability accommodations; and that there is a lack of mental health treatment. *Id*. at 1-7. For relief, he seeks monetary damages. *Id*. at 8.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Beaufrand fails to state a claim upon which relief can be granted because he has not alleged personal involvement by any of the named defendants. He makes vague statements that the

3

Milwaukee Secure Detention Facility is generally an unpleasant place to be confined. But it is unclear what each individual defendant said or did to violate his rights. Toward that end, Beaufrand alleges no facts at all about any specific interactions with any specific defendants. Therefore, the Court must dismiss the original complaint based on failure to state a claim.

The Court will give Beaufrand an opportunity to file an Amended Complaint **within 30 days of the date of this order** to cure deficiencies. As a courtesy to Beaufrand, the Court will enclose: (1) a guide for *pro se* prisoners that explains how to file an Amended Complaint that the Court can effectively screen; and (2) a blank prisoner Amended Complaint form. The Court will require Beaufrand to use that form to file his Amended Complaint. *See* Civ. L. R. 9. The Amended Complaint must provide a simple, concise, and direct statement of his claims. *See* Fed. R. Civ. P. 8(a)(2). Beaufrand does not need to include every detail giving rise to his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did. *Id*. If Beaufrand believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The Amended Complaint should be no more than <u>ten</u> pages total.

The Amended Complaint must bear the docket number assigned to this case and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. *Id*. If Beaufrand files an Amended Complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Beaufrand does not file an Amended Complaint, the Court will dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Beaufrand's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. Beaufrand may file an amended complaint **within 30 days of the date of this order**. If Beaufrand files an Amended Complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Beaufrand does not file an Amended Complaint, the Court will dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Beaufrand a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Beaufrand shall collect from his institution trust account the **$292.05** balance of the filing fee by collecting monthly payments from Beaufrand's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Beaufrand is transferred to another institution, the transferring institution shall forward a copy of this Order along with Beaufrand's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Beaufrand is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Beaufrand is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 31, 2025.

> s/ *Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge